# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CURTIS MITCHELL                                                                    PETITIONER

v.                              NO. 5:07CV00021 HDY

LARRY NORRIS, Director of the                                            RESPONDENT
Arkansas Department of Correction

### MEMORANDUM OPINION AND ORDER

The record reflects that in November of 2001, a Poinsett County, Arkansas, Circuit Court jury convicted petitioner Curtis Mitchell ("Mitchell") of aggravated robbery. He was sentenced for the offense to 192 months in the custody of respondent Larry Norris ("Norris"). Mitchell appealed the judgment of conviction to the Arkansas Court of Appeals. He advanced the following three claims on appeal: (1) the evidence to support his conviction was insufficient, (2) the trial judge erred by denying Mitchell's motion to suppress the identification of him by two witnesses, and (3) the trial judge erred by refusing to instruct the jury on the lesser-included offense of robbery. The state Court of Appeals found no reversible error and affirmed Mitchell's conviction. See Mitchell v. State, 2003 WL 1735545 (Ark.App. April 2, 2003).

On August 1, 2003, Mitchell filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 in Poinsett County, Arkansas, Circuit Court. The petition was denied in September of 2003 because it was not timely filed. Mitchell did not timely appeal the denial of his petition. After the period for filing a timely appeal had passed, he filed a motion for belated appeal with the Arkansas Supreme Court. The motion was denied on September 30, 2004, because the state Supreme Court concluded that he could not "be successful on appeal even if he were permitted to proceed [with the appeal]." See Mitchell v. State, 2004 WL 2190280 at 1 (Ark.S.Ct. September 30, 2004). In denying the motion, the state Supreme Court additionally noted the following:

> The petition in the trial court was not timely filed; and, as a result, petitioner was procedurally barred from proceeding with a petition for postconviction relief. Criminal Procedure Rule 37.2(c) provides that all grounds for postconviction relief must be raised in a petition under the rule filed within sixty days of the date the mandate was issued following affirmance of the judgment. The record in this matter reflects that [Mitchell] filed his petition challenging the judgment 101 days after the mandate of the court of appeals was issued.

> The time limitations imposed in our postconviction rule are jurisdictional in nature, and the circuit court may not grant relief on a untimely postconviction petition. ... [Mitchell] filed an untimely petition; thus, the trial could not have granted the postconviction relief sought, and petitioner could not prevail if permitted to proceed with an appeal.

See Id.

In December of 2005, Mitchell filed a petition for writ of habeas corpus in Lee County, Arkansas, Circuit Court. His petition was denied in June of 2005, and he appealed the denial to the state Supreme Court. During the appeal, he filed a motion for duplication of brief at public expense. The state Supreme Court used the occasion of that motion to dismiss his appeal in November of 2006, specifically finding as follows:

> Now before us is [Mitchell's] pro se motion for duplication of brief at public expense. We need not consider this motion as it is apparent that [he] could not prevail in this appeal if it were permitted to go forward. Accordingly, we dismiss the appeal and hold the motion moot. This court has consistently held that an appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. ...

> We will initially address two procedural matters. First, we note that [Mitchell] failed to include a copy of the judgment and commitment order in his addendum on appeal. It is well settled that the burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. ... It is also appellant's duty to bring up a record sufficient to demonstrate error. ... We will, however, not require [him] to file a substituted addendum to cure this deficiency in conformance with Ark. Sup. Ct. R. 4-2(b), as it is clear on the record before us that [he] could not prevail. ...

> Second, we note also that [Mitchell] failed to direct his petition to the proper party. Arkansas Code Annotated § 16-112-105(b)(1) (Repl. 2006) requires that "[t]he writ shall be directed to the person in whose custody the prisoner is detained[.]" ... Such person having custody of the prisoner may be designated in the petition by either their name or office. ... Thus, by naming the State of Arkansas as the appellee, [he] failed to direct the writ to the custodian of his person.

On appeal, [Mitchell] maintains that the trial court erred when it denied his request for bail, and when it denied [Mitchell's] petition for writ of <u>habeas</u> <u>corpus</u> "without ruling on the merits of the allegations" alleged therein. However, in his <u>pro</u> <u>se</u> petition filed in the trial court, [he] maintained that the trial court failed to bring [Mitchell] to trial within the speedy-trial time limitations set forth in Ark. R. Crim. P. 28.1, 28.2 and 28.3, and that he received ineffective assistance of counsel.

It is well-settled that the we will not consider an argument raised for the first time on appeal. ... Issues raised, including constitutional issues, must be presented to the trial court to preserve them for appeal. ... [Mitchell] is therefore prohibited from raising new claims for the first time on appeal. As a result, this court cannot address [his] claim related to his entitlement to bail.

Also, claims raised below but not argued on appeal are abandoned. ... As [Mitchell's] substantive claims on appeal are entirely different than the claims made below, he abandoned the arguments made to the trial court regarding speedy-trial and ineffective assistance of counsel.

Finally, without citing any authority, [Mitchell] claims on appeal that the trial court failed to address all the issues presented to the trial court. In essence, [he] alleges that the trial court erred when it issued an order that did not contain findings of fact and conclusions of law, specifically addressing both bases for [his] petition. Criminal Procedure Rule 37.3(a) requires a circuit court to make written findings and to specify any parts of the record relied upon if the court denies a Rule 37.1 petition without first holding a hearing. In contrast, the statutes governing petitions for writ of <u>habeas</u> <u>corpus</u> proceedings contain no similar specificity requirement. Moreover, this court has held that it will not consider an argument that presents no citation to authority or convincing argument. ...

<u>See</u> <u>Mitchell v. State</u>, 2006 WL 3231471 at 1-2 (Ark.S.Ct. November 9, 2006).

On January 29, 2007, Mitchell signed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The proceeding at bar was commenced on February 2, 2007, when his petition was filed by the Clerk of the Court for the United States District Court, Eastern District of Arkansas. Mitchell advanced four claims in his petition; they were as follows: (1) the trial judge erred by failing to grant a motion for directed verdict on account of insufficient evidence; (2) the trial judge erred by denying a motion to suppress a pre-trial, show-up identification; (3) the trial judge erred by refusing to instruct the jury on the lesser-included offense of robbery; and (4) Mitchell was denied the effective assistance of counsel.

In February of 2007, Norris filed a response to Mitchell's petition. Norris maintained in his response that the petition was barred from federal court review by limitations. He supported that assertion with the following:

> [Mitchell's] conviction became final at the conclusion of his direct appeal on April 2, 2003. He then had until July 1, 2003 to file a petition for certiorari, which he did not file. He had one year from July 1, 2003, or until June 30, 2004 to file for habeas relief, unless that period was tolled for pending Sate post-conviction or other collateral actions under [section] 2244(d)(2). His subsequent Rule 37 Petition was not timely filed, therefore, was not a properly filed application for post-conviction or collateral review, thus, would not have tolled the running of the one-year statute of limitations.

See Document 6 at 4.

The Court briefly reviewed Norris' response.  On the basis of that review, the Court determined that Mitchell should be notified that Norris was seeking the dismissal of the petition because it was allegedly barred from federal court review by limitations.  Mitchell was so notified and invited to submit a reply to Norris' response.

Mitchell accepted the invitation by filing a reply.  In that submission, he maintained that his conviction did not became final at the conclusion of his direct appeal because "at the conclusion of [his] direct appeal, [he] sought review through a [Rule] 37 petition."  See Document 15 at 4.  Liberally construing his pro se submission, he appeared to maintain that it was not until the conclusion of his attempts at collateral review that his conviction became final.

The Court has now had an opportunity to fully review the record in this proceeding.  On the basis of that review, the Court makes the following disposition of Mitchell's petition.

28 U.S.C. 2244(d) establishes a one year period during which a state prisoner must commence a proceeding pursuant to 28 U.S.C. 2254.  If the state prisoner fails to begin the proceeding within that year, it is forever barred.  28 U.S.C. 2244(d) identifies the following events as triggering the one year period:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Applying the provisions of 28 U.S.C. 2244(d) to the summary of state and federal court proceedings outlined above, it is clear that the applicable limitations period in this proceeding began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A). No other sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable in this proceeding, a proposition that Mitchell does not dispute. Given that finding, the Court turns to consider when Mitchell's conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review."

The state Court of Appeals affirmed Mitchell's conviction in an April 2, 2003, opinion. It is not clear from the record when the state appellate court issued a mandate in the appeal. For purposes of this Memorandum Opinion and Order, the Court assumes that the state appellate court issued a mandate thirty days from the day the opinion was filed. Thus, the Court assumes that the mandate was issued on May 2, 2003. He could have then petitioned the United States Supreme Court for a writ of certiorari. The time during which he could have so petitioned the United States Supreme Court commenced on May 5, 2003, the first business day after the expiration of the thirty day period between April 2, 2003, and May 2, 2003.

United States Supreme Court Rule 13 provides that a petition for writ of certiorari is timely if filed within ninety days after the entry of the judgment in question. Because the period during which Mitchell could have petitioned the United States Supreme Court for a writ of certiorari commenced on May 5, 2003, he had up to, and including, August 4, 2003–the first business day after the conclusion of the ninety day period established by Rule 13–to file a timely petition. When he did not file a petition within the prescribed period, his conviction became final for purposes of 28 U.S.C. 2244(d)(1)(A). See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (state court judgment becomes final under 2244(d)(1)(A) upon the expiration of the time for filing a petition for writ of certiorari). Thus, Mitchell's conviction became final on August 5, 2003, and he had one year from that date to commence a proceeding pursuant to 28 U.S.C. 2254.

Mitchell maintains that his conviction did not become final until the conclusion of his attempts at collateral review, specifically, not until the conclusion of his state petition for post-conviction relief and his state petition for writ of habeas corpus. He has failed, however, to offer any support for such a proposition, and the Court knows of none. The applicable limitations period began at the conclusion of "direct review or the expiration of the time for seeking such review." A collateral attack upon a conviction, which Mitchell's state petitions were, is not the same as a direct review of a conviction. His assertion therefore has no merit. Additionally, although the pendency of a collateral proceeding can toll the limitations period, the Court will more fully develop below why it did not do so in this instance.

28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." For purposes of this Memorandum Opinion and Order, the Court assumes that Mitchell's petition for state post-conviction relief was pending from August 1, 2003–the day the petition was filed in Poinsett County, Arkansas, Circuit Court–through September 30, 2004–the day the state Supreme Court denied his motion for belated appeal. The insurmountable hurdle for Mitchell, though, is that his petition for state post-conviction relief was not a "properly filed application for [s]tate post-conviction or other collateral review."

The state trial judge denied Mitchell's petition for state post-conviction relief because it was not timely filed. The state Supreme Court agreed with that conclusion in denying his motion for a belated appeal. It therefore cannot be said that his petition was a "properly filed application for [s]tate post-conviction or other collateral review." Because the petition was not "properly filed," it did not toll the one year limitations period that commenced on August 5, 2003.[1]

Given the foregoing, the Court finds that Mitchell's conviction became final on August 5, 2003. He therefore had one year from that date, or up to, and including, August 4, 2004, to commence a proceeding pursuant to 28 U.S.C. 2254. The record reflects that he signed the petition at bar on January 29, 2007, and that it was not filed until February 2, 2007. He clearly did not commence this proceeding within the prescribed one year period, and his petition should be dismissed unless he can show some other justification for tolling the limitations period. See Calderon v. United States District Court for the Central District of California, 112 F.3d 386 (9th Cir. 1997) (limitations period subject to equitable tolling if extraordinary circumstances exist).

The Court has carefully reviewed Mitchell's submissions and, in doing so, has given them a liberal construction. The Court can find nothing in those submissions to justify

---

[1]

The same rationale compels a similar conclusion with regard to Mitchell's state petition for writ of habeas corpus, that being, his state petition for writ of habeas corpus was not a "properly filed application for [s]tate post-conviction or other collateral review."

tolling the limitations period. He knew, or should have known through the exercise of due diligence, of all the claims at bar by the day his conviction became final.

The Court finds that Mitchell commenced this proceeding outside the one year limitations period established by 28 U.S.C. 2244(d). For that reason, his petition is denied and dismissed. Judgment will be entered for Norris.

IT IS SO ORDERED this __6___ day of April, 2007.


_____
UNITED STATES MAGISTRATE JUDGE